## CRAIG v. NEW ORLEANS PUBLIC SERVICE, Inc.*

### No. 16781.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1939.

Fred G. Veith, of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, for appellee.

McCALEB, Judge.

The widow of Cammie C. Craig, a colored man who died from the injuries he received in a collision between his automobile and a street car of the New Orleans Public Service, Inc., instituted this suit against the defendant company for the damages sustained as a consequence of his death. She claims that the fatal accident was caused through the defendant's fault in that the street car was being operated at an excessive rate of speed; in that the motorman thereof neglected to observe the presence of the decedent's automobile traversing the railway tracks within sufficient time to avoid striking it and that, if he did see the automobile in due time, he failed to use the proper means within his control to avert the impact.

The defendant denies that it was guilty of any negligence in the premises and avers that the accident occurred solely through the fault of the deceased who made a left hand turn directly in front of the moving street car without stopping, looking or listening for its approach.

In the lower court, there was judgment in favor of the defendant and the plaintiff has appealed.

The accident occurred on December 19, 1934, at about 10:25 p. m., at the intersection of North Claiborne Ave. and Iberville St. in the City of New Orleans. North Claiborne Ave. is a wide two-way boulevard separated by a neutral ground. On this neutral ground there are two sets of street car tracks over which the defendant's cars are operated. Iberville St. intersects North Claiborne Ave. at right angles.

Just prior to the collision, the decedent's automobile and the street car had been proceeding along North Claiborne Ave. in the same direction (towards Canal St.), the

*Rehearing denied Feb. 6, 1939.

**.486**

automobile being operated on the lakeside roadway and the street car on the lakeside tracks of the neutral ground. When the automobile, which was being driven some 25 or 30 feet ahead of the street car, reached the intersection of Iberville St., its driver negotiated a left hand turn into Iberville St. and proceeded to cross over the tracks in front of the moving street car. As a result, the automobile was struck broadsides by the oncoming car and the driver sustained severe injuries from which he died shortly afterwards.

An accurate and concise account of the manner in which the accident happened is revealed by the testimony of the defendant's motorman, Hewitt Bernard. He stated that, upon the night in question, he was proceeding up North Claiborne Ave. at a speed of between 20 and 25 miles per hour; that when he was approximately 150 feet from the intersection of Iberville St. he noticed two or three automobiles in the lakeside roadway of North Claiborne Ave. proceeding in the same direction in which he was traveling; that the car driven by the decedent Craig was very close to the neutral ground and that he was not aware of the fact that the driver thereof would attempt to make a left hand turn directly in front of his street car. He further says that, nevertheless, when his street car arrived at a point approximately 25 feet from the Iberville St. intersection, the decedent, suddenly and without previous warning, executed a left hand turn into Iberville St. and ran the automobile over the tracks directly in front of his car; that, confronted with the sudden emergency, he threw off the power of the street car and applied his brakes without avail and that the front of the car crashed into the left side of the automobile. He declares that the impact between the vehicles was violent; that its force was such as to jar him off balance, shatter the glass in the front windows of the street car and caused him to momentarily lose control of its forward movement; that he nevertheless regained the use of his emergency brake and that he stopped the car within approximately 15 feet from the point of impact.

The statement of the motorman of the street car is amply supported by the evidence of several other witnesses, namely, Lodrigues, Boutte, Norman, Mitchell, Nalls and Lewis, all of whom testified for the defendant. In fact, a reading of the record has convinced us beyond any doubt that the accident was caused solely and exclusively by the carelessness of the deceased who heedlessly attempted to cross over the tracks directly in front of the oncoming street car.

We have scrutinized the evidence produced by the plaintiff with care and have been unable to discover any testimony which would warrant us in finding that the motorman of the street car was guilty of fault. One of plaintiff's witnesses opines that the street car was being operated at about 35 miles per hour but his statement is in discord with all of the other witnesses in the case. Two other witnesses for the plaintiff, Stanley and Rodrigues, would have us believe that Craig stopped his automobile at the intersection before he attempted to make the left hand turn into Iberville St. We find that their evidence is clearly overcome by the statements of other disinterested witnesses and the physical facts of the case. Moreover, should we assume that Craig did stop before he entered the intersection, we cannot see that it would help the plaintiff's case for, under such circumstances, he would have been bound to see and hear the large and cumbersome street car moving forward within the immediate vicinity of the crossing.

In a final attempt to persuade us that the motorman was at fault, plaintiff's counsel argues that the fact that the street car dragged Craig's automobile some 175 feet before it was brought to a stop shows that it was being operated at an excessive rate of speed and that the motorman did not have it under control. But counsel overlooks the fact that it has been well established by the evidence that a street car being operated at between 20 and 25 miles per hour cannot be stopped under ordinary conditions in less than 100 feet and, also, that because of the violence and suddenness of the impact in the instant case, the motorman temporarily lost control of the movement of his car.

The district judge was correct in finding for the defendant. The judgment appealed from is therefore affirmed.

Affirmed.